PETITION OF EDGERLY & A.

Powers of county conventions.

A county convention may adjourn during the session of the legislature, to meet at any place in its own county, and at any time during its official year; and any acts done by said convention at such adjourned meeting, if within the scope of its general authority, will be valid and binding.

THE PETITION was as follows:

*To the Supreme Judicial Court:*

Josiah B. Edgerly, of Farmington, Jesse R. Horne, of Somersworth, and Uriah Wiggin, of Dover, county commissioners of the county of Strafford, represent that at a meeting of the representatives of the several towns in said county, in county convention assembled, and holden at Concord on the first day of July, A. D. 1870, and during the session of the legislature, it was voted to adjourn to meet at the court-house in Dover, on Monday, the fifteenth day of August next,

at ten o'clock in the forenoon; that, in pursuance of said vote, the representatives from the several towns in said county of Strafford met in county convention, in the court-room in said Dover, at ten o'clock A. M., on said fifteenth day of August, and, being so assembled, then and there passed the following votes, to wit: *Voted*, To adjourn to meet at the same place at half past eleven o'clock A. M., for the purpose of examining the jail, and visiting such proposed locations for a new jail as may be shown us by the mayor of Dover.

Convention met at half past eleven o'clock agreeably to adjournment.

Mr. Wheeler, in behalf of the city of Dover, made the following proposition :

That said city would give to the county of Strafford two acres of land anywhere upon the city farm, and build a suitable highway thereto, on condition that said county would build a new jail thereon.

*Voted*, To adjourn to meet at the same place at half past one o'clock in the afternoon.

Convention met at half past one o'clock P. M., agreeably to adjournment.

The following resolutions, offered by Mr. Wheeler, of Dover, were adopted by a majority vote :

1st. *Resolved*, That, in the opinion of this convention, the jail in this county is unsuitable for the purpose designed, and that a new jail and a house of correction should be built.

2nd. *Resolved*, That the county commissioners be authorized and requested to build a county jail, house of correction, and dwelling-house, agreeably to plans and specifications to be approved by a committee of five to be appointed by this convention, upon a lot on the city farm of the city of Dover, said city giving the said county two acres, and building a suitable highway thereto.*

3d. *Resolved*, That the county commissioners be authorized to sell, in such manner and for the highest price they can obtain, the present jail, dwelling-house, and lot upon which the same stand, and that they be authorized to receive a deed of the new lot to be granted by the city of Dover.

On motion of Mr. Wyatt, of Dover, *Voted*, That the county treasurer be authorized to hire money on the credit of the county, to enable the county commissioners to carry out the provisions of the resolutions passed by this convention.

That grave doubt and uncertainty exist as to whether said county convention had legal power and authority at its said meeting, holden at said Dover on said fifteenth day of August, A. D. 1870, by virtue of any provision of the 22d chapter of the General Statutes of the State of New Hampshire, or of any other statute of said State, to pass any or

---

*If the convention acted upon such "inducements," has the principle of *Knowles's Petition*, 22 N. H. 363, and other cases, any application ? See *ante*, p. 196.    REPORTER.

all of the votes herein above set forth in reference to the building of a county jail, house of correction, and dwelling-house, and in reference to authorizing the county treasurer to hire money on the credit of the county for that purpose, and in reference to selling the present jail, dwelling-house, and lot on which the same stand.

Wherefore your petitioners pray the court for information and instruction in the premises generally, and especially as to whether, under the aforesaid votes, the county treasurer can legally proceed and hire money on the credit of said county for the purpose of building said jail, house of correction, and dwelling-house, and whether your petitioners can legally appropriate money for building the same. And your petitioners produce here in court for examination, in connection with this petition, the original records of said county convention.

December, A. D. 1870.

JOSIAH B. EDGERLY, ⎫   County
                          JESSE R. HORNE,      ⎬ Commissioners.
Dec. Law Term, 1870.  URIAH WIGGIN.   ⎭

SARGENT, J.  By the provisions of chapter 22, General Statutes, section 1, counties are made bodies corporate, with power to sue and be sued, to hold and convey real and personal estate for county purposes, and to make necessary contracts and do all other necessary acts relating to the property and concerns of the county ; and by sec. 2, the powers to raise county taxes, to authorize the purchase of real estate for the county, and the sale and conveyance of its real estate, the erection, enlargement, or repair of county buildings, where more than a thousand dollars need to be expended, and the authorizing of the issue of bonds for the debts of the county, are all vested in the county convention.

Sec. 3 provides that the county convention shall consist of the representatives of the towns of the county, and that they shall meet on the second week of the June session of the legislature, and organize by the choice of a chairman and clerk, and that this convention " may adjourn as they see cause."  Their power of adjournment is thus unlimited, both as to time and place.  One county convention must necessarily exist and enjoy all its powers and rights until the next convention is duly qualified and ready for action, because the nature of their powers and duties, as we have seen, is such that it must necessarily be and continue in existence, not only during the sessions of the legislature, but during the whole year and until its successor takes its place.

The county continues a body corporate the same whether the State legislature is in session or not.  And while the county continues to exist, there must necessarily be a county convention.  So, too, the county convention shall consist of the representatives of the towns of the county ; and this is not only the fact during the sessions of the legislature, but during the year.  This convention loses none of its powers or responsibilities when the legislature adjourns, but remains the county convention so long as the members that compose it continue to be the representatives of the towns of the county, which is until others are

chosen in March, and qualified at the commencement of the June session. They then constitute the county convention, though they may not organize in that capacity till the second week of the session.

When the county convention is not in session, the commissioners may, in case of an exigency, call them together at any time during the year, at *a time and place* appointed by the commissioners,—sec. 7 ; and there can be no doubt, we think, that the convention may meet of its own motion, either by adjournment or upon the call of the chairman ; and when the representatives of the towns of the county get together at any time or any place in the county when the legislature is not in session, they have all the powers and responsibilities of the county convention.

I have caused an examination to be made in every county in the State, and find that, in a majority of the counties, the convention has never met except during the sessions of the legislature, or upon the call of the county commissioners.

In Cheshire county, I find this record : "Agreeably to adjournment of the last meeting of the Cheshire county convention, the members met on the call of the chairman, Mr. Albee, of Winchester, at Keene, on Tuesday, April 21, 1868, at one o'clock P. M."

In Sullivan county, the representatives " met in convention, under the call of the chairman, at the county farm, * * * Unity, November 14, 1866." At this meeting the convention, by vote, authorized " the county commissioners to borrow on the credit of the county fifteen thousand dollars, * * * to be appropriated for the purpose of erecting suitable buildings on said county farm ;" also, recommended " to the commissioners the funding of the floating debt of the county, not exceeding twenty-five thousand dollars," and did other business.

In Merrimack county, the county convention met at the county court-room, Nov. 29, and Dec. 13, 1864, and March 20, 1865, at which the convention authorized the purchase of a county farm, and authorized the commissioners to issue bonds for the payment of the debt so incurred.

Our opinion is, that the above acts of the conventions of the counties of Cheshire, Sullivan, and Merrimack, as also the acts of the convention of the county of Strafford, set forth in this petition, were clearly authorized by the statute ; and that said acts were legal and binding upon said counties.